**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
                                  :
ACTIVE DISPOSAL SERVICE, INC.,    :
                                  :     MEMORANDUM OPINION
     Plaintiff,                   :
                                  :     CIVIL ACTION NO. 07-3210 (MLC)
     v.                           :
                                  :
COUNTY OF SOMERSET, et al.,       :
                                  :
     Defendants.                  :
─────────────────────────────────:
                                  :
COUNTY OF SOMERSET, et al.,       :
                                  :
     Plaintiffs,                  :
                                  :     CIVIL ACTION NO. 07-3239 (MLC)
     v.                           :
                                  :
ACTIVE DISPOSAL SERVICE, INC.,    :
                                  :
     Defendant.                   :
─────────────────────────────────:
```

     This matter arises upon the Court's Order to Show Cause ("OTSC") why this Court should not (1) remand the claims initially asserted under Civil Action No. 07-3239 (MLC) ("No. 07-3239") to state court for lack of jurisdiction, and (2) abstain from exercising jurisdiction over the claims initially asserted under Civil Action No. 07-3210 (MLC) ("No. 07-3210"). (See No. 07-3210, dkt. entry no. 7, OTSC.)  The Somerset County Department of Health ("SCDOH") and the County of Somerset (collectively, the "County Parties") support granting the OTSC, and Active Disposal Service, Inc. ("ADS") opposes such a grant.  (See No. 07-3210, dkt. entry nos. 8, 11, 12.)  For the reasons stated below, the

Court will (1) grant the OTSC, (2) remand the claims asserted under No. 07-3239, and (3) abstain as to the claims asserted under No. 07-3210.

## BACKGROUND

The County Parties brought an action in state court on June 6, 2007, to compel ADS, which is engaged in the collection and disposal of solid waste, to, <u>inter alia</u>, comply with certain state statutes and regulations concerning the disposal of such waste ("County-Initiated Action"). (<u>See</u> No. 07-3239, dkt. entry no. 1, Compl.)  Specifically, the County Parties contend, <u>inter alia</u>, that ADS transported solid waste not in accordance with the designated solid waste routes.  (<u>Id.</u> at 2-11.)[1]  ADS, which has failed to pay any of the penalties assessed by the SCDOH, removed the action on July 13, 2007, on the grounds that the statutes and regulations at issue are unconstitutional as they violate the Dormant Commerce Clause.  (<u>Id.</u>, Rmv. Not. at 3.)

ADS, on July 11, 2007, brought a separate action in this Court under 42 U.S.C. § ("Section") 1983 challenging the

---

[1]  The SCDOH submitted a work plan to the New Jersey Department of Environmental Protection ("NJDEP") in March 1993, pursuant to the County Environmental Health Act, N.J.S.A. § 13:1E-1 <u>et</u> <u>seq.</u>, which "authorizes the County's staff and field inspectors to conduct investigations, to enforce orders, to issue notices of violations and penalty assessment letters, and to file and serve summonses and complaints in courts of competent jurisdiction on behalf of the [SCDOH]."  (No. 07-3239, Compl. at 1-2.)

constitutionality of the enforcement of the statutes and regulations pertaining to the solid waste disposal ("ADS-Initiated Action").  (<u>See</u> No. 07-3210, dkt. entry no. 1, Compl.) ADS failed to notify the Court of the existence of the County-Initiated Action, which was pending in state court at that time, even though ADS was aware of it.  (<u>See</u> No. 07-3210, dkt. entry no. 3, 7-20-07 Order (noting same).)

ADS seeks a declaratory judgment that as applied, such regulation of solid waste vehicles is discriminatory against interstate commerce and, along with the related plans and permits, imposes a burden on interstate commerce that is excessive in relation to the putative local benefits.  (<u>Id.</u> at 1-2.)

The Court consolidated the actions.  (No. 07-3210, dkt. entry no. 3; No. 07-3239, dkt. entry no. 3.)  The Court subsequently ordered ADS to show cause why this Court should not (1) remand the claims initially asserted under County-Initiated Action to state court for lack of jurisdiction, and (2) abstain from exercising jurisdiction over the claims initially asserted under the ADS-Initiated Action.  (<u>See</u> OTSC.)

**DISCUSSION**

**I.   Remand of the County-Initiated Action is Warranted**

ADS removed the County-Initiated Action under 28 U.S.C. § 1331, alleging that the state statutes and regulations at issue violate the Dormant Commerce Clause, U.S. Const. Art. I, § 8, cl.

3

3.  (See No. 07-3239, Rmv. Not. at 4.)  It alleges that those statutes and regulations are invalid and unconstitutional because requiring solid waste vehicles to use designated routes is "discriminatory and drives up the costs by requiring solid waste vehicles to travel greater distances in order to access and exit solid waste facilities and thus using more fuel and placing more unnecessary wear and tear on the vehicles."  (Id.)

ADS thus asserts that there is jurisdiction over the County-Initiated Action on the basis of a federal defense only.

> [I]t is now settled law that a case may not be removed
> to federal court on the basis of a federal defense,
> including the defense of preemption, even if the
> defense is anticipated in the plaintiff's complaint,
> and even if both parties concede that the federal
> defense is the only question truly at issue.

Caterpillar v. Williams, 482 U.S. 386, 393 (1987); see Briones v. Bon Secours Health Sys., 69 Fed.Appx. 530, 534 (3d Cir. 2003). As such, the Court does not possess original jurisdiction over the County-Initiated Action.

ADS, however, argues that the Court should exercise supplemental jurisdiction over the County-Initiated Action.  (No. 07-3210, dkt. entry no. 8, ADS Resp. at 1.)  A district court may exercise supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  ADS contends that because the Court possesses

4

original jurisdiction over the ADS-Initiated Action and has consolidated the two actions, the Court may exercise supplemental jurisdiction over the County-Initiated Action.  (Id. at 1-2.)

Supplemental jurisdiction, however, does not provide a basis for removal.  Syngenta Crop Prot. v. Henson, 537 U.S. 28, 34 (2002).  An already existing federal action cannot provide a mechanism for removal of a nonremovable state action.  Ditullio v. Universal Underwriters Ins. Co., No. 03-0239, 2003 U.S. Dist. LEXIS 12200 (E.D. Pa. Jun. 6, 2003) ("State law claims may not be removed to federal court solely because there is a pending federal case that arises out of a common nucleus of operative fact with the state action."); In re Estate of Tabas, 879 F.Supp. 464, 467-68 (E.D. Pa. 1995) (finding that even if two cases have been consolidated, "[i]n the absence of jurisdiction to proceed in the unremovable action, the court should . . . remand[] the action"); see also Fox v. Poole, No. 06-148, 2007 U.S. Dist. LEXIS 64779, at *35-*36 (W.D.N.Y. Aug. 31, 2007).[2]  The Court thus finds that

---

[2]  The Court declines to follow the dicta in DeBasio v. LifeUSA Holdings, No. 98-3346, 1998 WL 546127, at *3 (D.N.J. Aug. 27, 1998) stating "[w]hen two actions are consolidated before the same district court, only one of which provides a basis for original federal jurisdiction, there is no reason why the court could not exercise supplemental jurisdiction over related state claims asserted in the other action."  The Court notes that consolidated cases "are not necessarily merged forever and for all purposes," Bradgate Assocs. v. Fellows, Read & Assocs., 999 F.2d 745, 750 (3d Cir. 1993), and finds that jurisdiction should not be based on a separate but related action, regardless if the cases have been consolidated.

subject matter jurisdiction over the County-Initiated Action does not exist, and remand to state court is warranted.[3]

## II. Abstention from ADS-Initiated Action is Warranted

### A. _Younger_ Abstention

"The federal courts have a virtually unflagging obligation" to adjudicate claims within their jurisdiction. Deakins v. Monaghan, 484 U.S. 193, 203 (1988) (internal quotations and citations omitted). An exception to that rule, however, was established in Younger v. Harris, 401 U.S. 37 (1971), which held that federal courts should abstain when federal adjudication would disrupt an ongoing state criminal proceeding. 401 U.S. at 43-54. This principle has since been extended to civil proceedings, as well as state administrative proceedings. See Moore v. Sims, 442 U.S. 415, 423 (1979).

Younger abstention "reflects a strong federal policy against federal-court interference with pending state judicial proceedings." Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982). Abstention is appropriate only where: (1) there are ongoing state proceedings that are judicial

---

[3] The Court further notes that 28 U.S.C. § 1367(c) provides the Court with the discretion to refuse to exercise supplemental jurisdiction when "values of judicial economy, convenience, fairness, and comity counsel that the district court remand state claims to a state forum." 28 U.S.C. § 1367(c); see Combs v. Homer-Ctr. Sch. Dist., 540 F.3d 231, 253-54 (3d Cir. 2008). Thus, even if it were within the Court's power to exercise supplemental jurisdiction over the County-Initiated Action, it is within the Court's discretion to refuse such jurisdiction.

in nature; (2) the state proceedings implicate important state
interests; and (3) the state proceedings afford an adequate
opportunity to raise the federal claims.  Id. at 432.  Such a
showing, however, does not mandate that the federal court
abstain.  Where federal proceedings do not interfere with state
proceedings, abstention should not be implicated.  Gwynedd Props.
v. Lower Gwynedd Twp., 970 F.2d 1195, 1201 (3d Cir. 1992).  The
Court, moreover, should not abstain if the federal plaintiff can
establish that (1) the state proceedings are being undertaken in
bad faith or for purposes of harassment, or (2) some other
extraordinary circumstances exist, such as proceedings pursuant
to a flagrantly unconstitutional statute, such that deference to
the state proceedings will present a significant and immediate
potential for irreparable harm to the federal interests asserted.
Schall v. Nix, 885 F.2d 101, 106 (3d Cir. 1988).  The Court will
abstain from exercising jurisdiction here under the Younger
abstention doctrine, as the County-Initiated Action (1) is
ongoing, (2) implicates important state interests, and (3)
presents an adequate opportunity to raise federal claims therein.
See Middlesex County Ethics Comm., 457 U.S. at 435; Younger, 401
U.S. at 43-54.

The County-Initiated Action was brought in state court before
the ADS-Initiated Action was brought here.  (See No. 07-3239,
Compl.)  Accordingly, the first prong of Younger is satisfied.

7

The state proceedings, furthermore, satisfy prong two because important state interests are implicated.  The dispute largely centers on the enforceability of state statutes and regulations, focusing on NJDEP permits that allow access to collection and disposal of solid waste.  The local routes in which such waste is transported is largely an area of local concern.  A final decision in this case (1) will affect counties and solid waste transfer stations throughout the entire state, (2) has the potential to invalidate numerous NJDEP permits, and (3) may disrupt efforts of agencies, such as the SCDOH, acting at the NJDEP's behest.  See Gwynedd Props., 970 F.2d at 1201.

"Where abstention is appropriate, there is often a nexus between the claims asserted in the federal action and the defenses or claims asserted or available in the state action." Id.  "By contrast, where federal proceedings parallel but do not interfere with state proceedings, the principles of comity underlying Younger abstention are not implicated."  Id.; see, e.g., Wooley v. Maynard, 430 U.S. 705, 711 (1977) (holding Younger to be inapplicable because the "suit is in no way designed to annul the results of a state trial since the relief sought is wholly prospective") (internal quotations omitted).

ADS argues that "the County-Initiated action and the ADS-Initiated action involve different subject matter and ADS's federal claim has not been raised in state court."  (No. 07-3210,

ADS Resp. at 5.)  It further argues that "ADS does not seek from this Court relief with respect to the County-Initiated action. Rather, it merely seeks to pursue a parallel track."  (Id.)

ADS's argument is without merit.  There is certainly a nexus between the defenses asserted by ADS in the state action and the suit brought by ADS in federal court.  In both actions, the question will turn on the validity and constitutionality of the same state statutes, regulations, and NJDEP permits.  A declaration by this Court could invalidate such statutes, regulations, and permits.  See Addiction Specialists v. Twp. of Hampton, 411 F.3d 399, 410 (3d Cir. 2005).  Accordingly, the Court agrees with ADS that the ADS-Initiated Action pursues a parallel track to the County-Initiated Action, but finds that this track will interfere with the state proceedings.[4]

ADS, furthermore, has failed to carry its burden of showing it could not present its constitutional claims as a defense in state court, and, therefore, prong three is satisfied.  See Pennzoil Co. v. Texaco, 481 U.S. 1, 14 (1987) (finding "the burden on this point rests on the federal plaintiff to show that

_____

[4]  The Court further notes that ADS's argument that the ADS-Initiated Action involves different subject matter than the County-Initiated Action is contrary to its earlier argument that the Court should exercise supplemental jurisdiction.  (See supra I.)  28 U.S.C. § 1367(a) authorizes the exercise of supplemental jurisdiction only when claims are "so related to [other] claims" that "they form part of the same case or controversy." 28 U.S.C. § 1367(a).

state procedural law barred presentation of its claims"). ADS has offered no reason why its claims could not be fully heard by the state court. No evidence has been brought to this Court's attention suggesting ADS would have difficulty having its claims adjudicated in state court, and, in fact, ADS has already asserted its constitutional claims as an affirmative defense in the County-Initiated Action. (See No. 07-3239, Rmv. Not. at 4.)

ADS argues that it is not required to seek relief in state court. (No. 07-3210, ADS Resp. at 5.) The test, however, is not whether ADS is required to seek relief in state court, but whether the state court would be an adequate forum to hear the federal claims, and, as such, this argument fails. Cf. Prevost v. Twp. of Hazlet, 159 Fed.Appx. 396, 398 (3d Cir. 2005) (finding that the constitutional claims asserted in a Section 1983 action could not be fully raised in related state administrative proceeding).

ADS further argues that the Court must not abstain because the statutes at issue are "flagrantly unconstitutional." (No. 07-3210, ADS Resp. at 5.) Abstention is not warranted if a statute is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it." Younger, 401 U.S. at 53-54; see Schall, 885 F.2d at 106. The statutes at issue in this case do not meet this standard. Accordingly, the Court finds that, even though a

federal constitutional matter is implicated under Section 1983,

abstention is warranted under the Younger doctrine.[5]

---

[5] Abstention may also be appropriate under the doctrine of Burford abstention, the purpose of which is to avoid a district court's intrusion into a matter of local concern that is within the special competence of local courts.  See Burford v. Sun Oil Co., 319 U.S. 315 (1943); Chiropractic Am. v. LaVecchia, 180 F.3d 99, 104 (3d Cir. 1999).  Also:

> Where timely and adequate state-court review is available, a federal court sitting in equity must decline to interfere with the proceedings or orders of state administrative agencies: (1) when there are difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar; or (2) where the exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern.

Id. (cites and quotes omitted).  But Burford abstention "appl[ies] without regard to the existence of an ongoing proceeding."  Stoe v. Flaherty, 436 F.3d 209, 213 (3d Cir. 2006); see Coles v. Street, 38 Fed.Appx. 829, 831 (3d Cir. 2002) (stating pending state court action not needed, as abstention proper when state review is available).  Also, claims seeking damages that are in federal court by way of 28 U.S.C. § 1331 may be barred by Burford.  See Coles, 38 Fed.Appx. at 832.

There is no dispute that ADS can seek relief in state court. Also, the Court would need to weigh difficult issues of state law bearing on policy problems of substantial public import — i.e., regulation of waste collection and disposal — the importance of which transcends a result here, and could disrupt New Jersey's statutory and regulatory scheme and frustrate the efforts to have a coherent policy in this area of substantial public concern. See Berman Enters. v. Jorling, 3 F.3d 602, 608 (2d Cir. 1993) (affirming judgment dismissing claim under Burford concerning agency decision barring plaintiff from operating oil and sludge barge in harbor, as "New York, through a combination of statutes and regulations under the Environmental Conservation Law and the Navigation Law, has established a complex, even bewildering,

11

**B.   <u>Colorado River</u> Abstention**

The <u>Colorado River</u> abstention doctrine authorizes a district court to stay a case where a duplicate or parallel state court case is pending.  <u>Colo. River Water Conservation Dist. v. United States</u>, 424 U.S. 800, 817-19 (1976).  The mere presence of duplicative state court litigation, however, does not ordinarily justify a federal court's refusal to exercise jurisdiction over an action.  <u>See, e.g.</u>, <u>id.</u> at 817; <u>Ryan v. Johnson</u>, 115 F.3d 193, 195 (3d Cir. 1997); <u>Univ. of Md. at Balt. v. Peat Marwick Main & Co.</u>, 923 F.2d 265, 275-76 (3d Cir. 1991).

The Supreme Court's decision in <u>Colorado River</u> established an abstention doctrine based, not on principles of proper adjudication of constitutional disputes or federal-state comity, but on "consideration of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive

---

system for regulating . . . pollution"").  Here, ADS is challenging (1) the constitutionality of state statutes and regulations as applied, and (2) the actions of the County Parties, which are acting at the behest of the NJDEP.  <u>See</u> <u>supra</u> note 1.  (<u>See</u> No. 07-3210, Compl. at 1-2; No. 07-3239, Compl. at 1-11.)  ADS's assertion of an as-applied claim does not bar the application of <u>Burford</u> abstention.  <u>See</u> <u>Coles</u>, 38 Fed.Appx. at 831; <u>LaVecchia</u>, 180 F.3d at 107-08.

The Court also would be required to examine the motivations and intentions of the County Parties, which would appear to merit abstention.  <u>See</u> <u>Chiropractic</u>, 180 F.3d at 108 (suggesting same in action concerning insurance regulations).

disposition of litigation.'"   424 U.S. at 817.[6]  Such abstention may be justified "in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest."  Ryan, 115 F.3d at 196 (quoting Colo. River, 424 U.S. at 813.)  This doctrine therefore permits, in exceptional circumstances, a district court to dismiss a complaint or stay an action in the face of parallel state court proceedings.  See, e.g., Ryan, 115 F.3d at 195; Motor Club of Am. v. Weatherford, 841 F.Supp. 610, 626 (D.N.J. 1994); Bradgate Assocs. v. Fellows, Read & Assocs., Inc., No. 90-2370, 1990 WL 137208, at *2 (D.N.J. Sept. 17, 1990); Samaroo v. Samaroo, 743 F.Supp. 309, 317-18 (D.N.J. 1990).  But, even though the Colorado River standard allows a district court to abstain, circumstances permitting this abstention are even more narrow than those available under the Younger doctrine.  See, e.g., Colo. River, 424 U.S. at 818; Trent v. Dial Med. of Fla., 33 F.3d 217, 223 (3d Cir. 1994).  Abstention based on the Colorado River

---

[6]  The Court notes that the Colorado River Court did not refer to the standard it adopted in cases of duplicative federal and state litigation as an "abstention doctrine," but rather considered "abstention" inappropriate in the particular circumstances involved.  See Colo. River, 424 U.S. at 813-21; see also, e.g., N. River Ins. Co. v. Middlesex Assurance Co., No. 89-136, 1989 WL 200993, at *2-*3 (D.N.J. Aug. 7, 1989) (distinguishing between "abstention doctrines" and Colorado River standard).  The Court, consistent with the general case law and for convenience, will call the approach announced in Colorado River a doctrine of abstention.  See, e.g., Ryan, 115 F.3d at 195-201.

doctrine therefore is a particularly rare occurrence.  See, e.g., Trent, 33 F.3d at 223; Bryant v. N.J. Dep't of Transp., 1 F.Supp.2d 426, 436 (D.N.J. 1998) (citation omitted).

Based upon the Court's full consideration of the balance of the multiple factors established under this doctrine, the Court concludes that the balance of these factors fails to indicate that the necessary circumstances exist to justify the refusal to exercise our constitutionally authorized and congressionally mandated jurisdiction under this specific doctrine.

### 1.    Parallel Proceedings

The application of the Colorado River doctrine requires a two-step analysis.  First, in order to justify abstention, it must be ascertained that the cases pending before the federal court and the state court are truly "parallel."  See, e.g., Ryan, 115 F.3d at 196; Trent, 33 F.3d at 223.  Parallel cases are those that "involve the same parties and substantially identical claims, raising nearly identical allegations and issues."  IFC Interconsult v. Safeguard Int'l Partners, 438 F.3d 298, 306 (3d Cir. 2006); see Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 28.  "The cases need not be identical, however, there must be a likelihood that the state litigation will dispose of all the claims presented in the federal case."  Flint v. A.P. DeSanno & Sons, 234 F.Supp.2d 506, 510-11 (E.D. Pa. 2002).

14

The parties to both actions here are identical.  They
dispute, however, whether the two actions involve substantially
identical issues.  State and federal claims are parallel when
"the state litigation will dispose of all of the claims raised in
the federal case."  <u>Spring City Corp. v. Am. Bldg. Co.</u>, 193 F.3d
165, 171 (3d Cir. 1999).  Both the federal and state action
concern constitutionality and enforceability of the same state
statutes, regulations, and NJDEP permits for vehicles disposing
of solid waste.  A declaration by this Court could invalidate
such regulations, and a final decision in either action will
resolve whether the routes are enforceable.  Accordingly, the
Court finds the actions raise nearly identical claims and issues,
and a decision by the state court will likely resolve all issues
raised in the federal action.

### 2.   Exceptional Circumstances

If the Court finds that the proceedings are parallel, the
Court must "ascertain whether there exist exceptional
circumstances, the clearest of justifications that can suffice
under <u>Colorado River</u> to justify the surrender of that
jurisdiction."  <u>Moses H. Cone Mem'l Hosp.</u>, 460 U.S. at 25-26.
The Court may consider the following nonexclusive factors: (1)
whether the state court assumed in rem jurisdiction over the
property; (2) the inconvenience of the federal forum; (3) the
desirability of avoiding piecemeal litigation; (4) the order in

which jurisdiction was obtained by the concurrent forums; (5) whether a federal question is presented; and (6) whether the state court proceedings would adequately protect the federal plaintiff's rights. <u>Colo. River</u>, 424 U.S. at 818-19; <u>Moses H. Cone Mem'l Hosp.</u>, 460 U.S. at 17-18 n.20; <u>Trent</u>, 33 F.3d at 225 (citations omitted); <u>see also, e.g.</u>, <u>Rodin Props.-Shore Mall, N.V. v. Cushman & Wakefield of Pa.</u>, 49 F.Supp.2d 709, 719 (D.N.J. 1999).[7]  No one factor is determinative, and "[o]nly the clearest of justifications [under this multi-factor approach] will warrant dismissal." <u>Colo. River</u>, 424 U.S. at 818-19 (citation omitted); <u>see, e.g.</u>, <u>Rodin Props.</u>, 49 F.Supp.2d at 719; <u>Ryan</u>, 115 F.3d at 196; <u>Fioriglio v. City of Atl. City</u>, 963 F.Supp. 415, 425 (D.N.J. 1997).

### a.   In rem jurisdiction over the property

Neither action concerns jurisdiction over property.  Thus, this factor is of no value to the abstention inquiry here.  <u>See N. River Ins. Co.</u>, 1989 WL 200993, at *3 n.3 (finding "given the strong presumption in favor of exercising jurisdiction, any 'neutral' factor effectively weighs against granting a stay");

---

[7]  "[T]he decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction.  The weight to be given to any one factor may vary greatly from case to case, depending on the particular setting of the case." <u>Moses H. Cone Mem'l Hosp.</u>, 460 U.S. at 16.

see also Trent, 33 F.3d at 225 ("In sum, because the parties agree that there is no res over which any court has exercised jurisdiction, only one factor truly weighs in favor of the district court exercising federal jurisdiction[,] . . . . [specifically] that the federal forum is not inconvenient."); cf. McMurray v. De Vink, 27 Fed.Appx. 88, 93 (3d. Cir. 2002) (finding first factor irrelevant because of absence of property at issue); Rodin Props., 49 F.Supp.2d at 719 (same).

> **b.   The inconvenience of the federal forum**

The federal forum is not inconvenient as both parties are New Jersey residents and have voluntarily chosen to bring their respective suits in New Jersey.  The state court is located in Somerville, Somerset County, New Jersey, approximately 30 miles from this Court, located in Trenton, Mercer County, New Jersey. ADS has its principal place of business in Bridgewater, New Jersey, located within Somerset County, approximately 35 miles from this courthouse and only 7 miles from the state court.  This factor thus does not weigh heavily in favor of abstention under Colorado River.  See McMurray, 27 Fed.Appx. at 93 ("Even if [the Court] were to assume that the participants must travel to New Jersey from the most distant part of Delaware, we would be hard put to define the resultant travel as imposing such a hardship that a federal court in New Jersey would be inconvenient for the purposes of Colorado River."); see also BIL Mgmt. Corp. v. N.J.

17

<u>Econ. Dev. Auth.</u>, 07-1077, 2008 U.S. App. LEXIS 8762, at *6 (3d Cir. 2008) ("[T]he equal convenience of the two fora is a neutral, or non-existent, factor.")

### c.   The desirability of avoiding piecemeal litigation

This factor, typically emphasized in decisions to abstain, requires more than just the fear of duplicative, piecemeal litigation.  <u>See, e.g.</u>, <u>Moses H. Cone Mem'l Hosp.</u>, 460 U.S. at 20 (considering piecemeal litigation factor to be "paramount" consideration in <u>Colorado River</u> analysis).  The Third Circuit, in such cases as <u>Ryan v. Johnson</u>, 115 F.3d 193 (3d Cir. 1997), and <u>Spring City Corp. v. Am. Bldg. Co.</u>, 193 F.3d 165 (3d Cir. 1999), has held that this factor favors abstention only when there is "a strongly articulated congressional policy against piecemeal litigation in the specific context of the case under review." <u>Ryan</u>, 115 F.3d at 198 (citations omitted); <u>see also</u> <u>Spring City Corp.</u>, 193 F.3d at 172-73.  This policy requirement is based, not only on prior case law, but also on the fear that abstention premised on "a mere possibility of piecemeal litigation" would threaten to "swallow[] up the century-old principle . . . that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.'"  <u>Ryan</u>, 115 F.3d at 198 (quoting <u>Colo. River</u>, 424 U.S. at 817); <u>see also</u> <u>Spring City Corp.</u>, 193 F.3d at

172; see also Kuhn v. Oehme Carrier Corp., 255 F.Supp.2d 458, 465 (E.D. Pa. 2003).

There is no Congressional policy requiring that a federal constitutional challenge of state statutes and regulations be adjudicated in state courts.  The Court thus concludes that this often-vital factor favors not abstaining based on the Colorado River doctrine.

### d.   The order in which jurisdiction was obtained by the concurrent forums

This factor does not turn upon "which complaint is filed first, but rather [on] how much progress has been made in the two actions."  Moses H. Cone Mem'l Hosp., 460 U.S. at 21.  Although the state court action was brought first, both actions are at the same stage of litigation.  Discovery has not started, and scheduling conferences have been put on hold pending the outcome of the Order to Show Cause.  Accordingly, this factor does not weigh in favor of abstaining under Colorado River.

### e.   Whether a federal question is presented

Federal law will govern ADS's constitutional claims.  The state court's ability to resolve such claims, however, is commonplace.

### f.   Whether the state court proceedings would adequately protect the federal plaintiff's rights

There is no evidence that the state forum will be inadequate to protect the rights of the parties, but this does not weigh

19

heavily in favor of abstention.  See Spring City Corp., 193 F.3d
at 173 (citations and internal quotations omitted) ("Just as
abstention cannot be justified merely because a case arises
entirely under state law, the question whether parties' interests
are protected is only relevant when they are not; that is, when
the state court is adequate, this factor carries little
weight."); Ryan, 115 F.3d at 200; Blum v. St. Paul Travelers Ins.
Co., No. 07-1268, 2007 U.S. Dist. LEXIS 55213, at *10 (E.D. Pa.
July 26, 2007) (finding that it is only in rare circumstances
that state law considerations weigh in favor of surrender, such
as when the case involves state law that is so complex and
unsettled that resolution in state court is more appropriate).

Under Colorado River, once the Court has evaluated the
relevant factors, it must make a "carefully considered judgment
taking into account both the obligation to exercise judgment and
the combination of factors counseling against that exercise,"
with no one factor "necessarily determinative." Colo. River, 424
U.S. at 818.  In balancing these factors, the Court's decision is
to be "heavily weighted" toward the exercise of jurisdiction.
Moses H. Cone Mem'l Hosp., 460 U.S. at 16.  Although the Court
here will abstain based on the principles of Younger, the Court
finds that abstention under the Colorado River doctrine is not
warranted under these circumstances.

## CONCLUSION

For the reasons stated _supra_, the Court will (1) remand the claims initially asserted under No. 07-3239 to state court for lack of jurisdiction, and (2) abstain from exercising jurisdiction over the claims initially asserted under No. 07-3210.  Accordingly, the Court will reopen No. 07-3239, and remand the action to state court for lack of jurisdiction.  The Court will abstain from exercising jurisdiction over the claims initially asserted under No. 07-3210 under the principles of the _Younger_ abstention doctrine.  The Court will issue an appropriate order and judgment.[8]

 

                             _s/ Mary L. Cooper_
                             **MARY L. COOPER**
                             United States District Judge

Dated:    January 8, 2009

---

[8]  The Court lacks the authority to dismiss the complaint in the ADS-Initiated Action pending the resolution of the County-Initiated Action in state court, and may only stay and administratively terminate the ADS-Initiated Action.  See _Gwynedd Props._, 970 F.2d at 1204; _Bongiorno v. Lalomia_, 851 F.Supp. 606, 610-17 (D.N.J.) (same), _aff'd_, 39 F.3d 1168 (3d Cir. 1994).  An administrative termination of the ADS-Initiated Action is not the equivalent of a dismissal of the complaint with prejudice, and will be issued pursuant to the Court's inherent power to control the docket and in the interests of judicial economy.  See _Delgrosso v. Spang & Co._, 903 F.2d 234, 236 (3d Cir. 1990) (stating administrative termination not final determination, as it "permits reinstatement and contemplates the possibility of future proceedings", and "does not purport to end litigation on the merits").